UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENNIE C. BAGLEY,

            Plaintiff,

vs.                                         Case No.: 8:07-CV-218-T-27EAJ

CITY OF TAMPA,

            Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (Dkt. 28), Defendant's Supplement to Its Motion for Summary Judgment (Dkt. 37), filed with leave of Court (Dkt. 31), *pro se* Plaintiff's response in opposition (Dkts. 38, 40, 41),[1] and Defendant's Reply (Dkt. 49), filed with leave of Court (Dkt. 45). Upon consideration, Defendant's motion is GRANTED.

### *Background*

Plaintiff, an African-American female, was terminated from her position as Code Enforcement Officer II for Defendant the City of Tampa ("Defendant") on July 9, 2004 for failing to submit a leave slip. (Dkt. 27, Am. Compl., ¶¶ 9-10, 17).

Plaintiff filed this action *pro se* on February 2, 2007 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and 42 U.S.C. § 1981. (Dkt. 1). On September 19, 2007, this Court granted Defendant's motion to dismiss and required Plaintiff to provide a more

---

[1] After Defendant filed the motion for summary judgment, but before Plaintiff responded, Plaintiff's counsel moved to withdraw due to Plaintiff's failure to follow counsel's advice to voluntarily dismiss her claims, which this Court permitted. (Dkts. 33-35). On November 20, 2007, Plaintiff received notice of the motion for summary judgment and the provisions of Rule 56 of the Federal Rules of Civil Procedure pursuant to *Johnson v. Pullman, Inc.*, 845 F.2d 911 (11th Cir. 1988). (Dkt. 36).

definite statement of her claims. (Dkt. 22). On October 19, 2007, Plaintiff, represented by counsel, filed a four-count Amended Complaint pursuant to Title VII for racial discrimination (Count I), sex discrimination (Count II), hostile work environment (Count III), and retaliation (Count IV). The Amended Complaint alleges that Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR"). (Am. Compl. ¶ 6).

In the instant motion for summary judgment, Defendant argues that Plaintiff failed to file an EEOC Charge of Discrimination and that the EEOC "Pre-charge Questionnaire" Plaintiff completed on June 27, 2005, as well as the FCHR Complaint of Discrimination she filed on July 26, 2005, were both well beyond the statutory 300-day period for filing the requisite administrative charges. (Dkt. 28, Exhs. 2, 4, Dkt. 37). Plaintiff contends, however, that the time for filing her EEOC charge did not commence until she completed Defendant's collective bargaining grievance procedures and arbitration. As set forth, Defendant's motion is due to be granted.

### *Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light

most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

## *Discussion*

A plaintiff seeking to bring a lawsuit pursuant to Title VII must file a charge with the EEOC within the specified time period after the discrimination occurred. 42 U.S.C. § 2000e-5(e)(1); *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, --- U.S. ---, 127 S. Ct. 2162, 2166 (2007). In states with an agency with authority to grant or seek relief with respect to the alleged discrimination, including Florida, the time period is 300 days after the discrimination occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). For the purposes of the statute, a discrete act of discrimination, such as a termination, "occurs" on the date it happened. *Morgan*, 536 U.S. at 110; *see also Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201-03 (11th Cir. 2003) (in the

case of a termination, the 300-day filing period begins to run from when an employee receives unequivocal notice of "[a] final decision to terminate the employee") (internal quotations omitted); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n. 19 (11th Cir.1996).

Plaintiff does not dispute that she received unequivocal notice of her termination on July 9, 2004. Furthermore, it is well-established that absent contractual language to the contrary or equitable considerations, a termination is final when it occurs, not on the date of the conclusion of collective bargaining grievance procedures. *See Int'l Union of Elec., Radio & Machine Workers, AFL-CIO Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 234 (1976); *Stafford v. Muscogee County Bd. of Educ.*, 688 F.2d 1383, 1388 (11th Cir. 1982). Plaintiff's period to file an EEOC charge therefore commenced on July 9, 2004.

The Court will assume, without deciding, that Plaintiff's EEOC Pre-Charge Questionnaire constitutes a proper EEOC charge. *Cf. Fed. Express Corp. v. Holowecki*, --- U.S. ---, 128 S.Ct. 1147, 1158 (2008) (holding that intake questionnaire may constitute charge under certain circumstances).[2] Nevertheless, the Pre-Charge Questionnaire was filed June 27, 2005, 353 days after Plaintiff's termination, and was therefore untimely pursuant to 42 U.S.C. 2000e-5(e)(1).[3] Moreover, no argument can be made that Plaintiff's filing of a Complaint with the FCHR on July 26, 2005 remedies the untimeliness of the EEOC Pre-Charge Questionnaire under a dual filing theory, as the Complaint was filed 382 days after Plaintiff's termination. *See Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1263 (11th Cir. 2001) (noting that plaintiff is required to file a charge with the FCHR

---

[2] Defendant does not address this line of precedent.

[3] For this same reason, Plaintiff's passing argument that a senior investigator with the EEOC "misled" her is irrelevant (Dkt. 38 at 10), as even a charge filed the same day as the Pre-Charge Questionnaire would have untimely.

within 240 days of the alleged discrimination or have the FCHR proceedings terminated, by work-sharing agreement or otherwise, within 300 days of the alleged discrimination); *Griffin v. Air Products and Chems., Inc.*, 883 F.2d 940, 945 (11th Cir. 1989).

The inquiry does not, however, end here. Although a plaintiff is required to file a timely charge of discrimination, this requirement "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Plaintiff contends that equitable tolling applies, as she was waiting for a final determination of Defendant's grievance procedures and arbitration before filing an EEOC charge. (Dkt. 38 at 8-10).

"Under equitable tolling, Title VII's statute of limitations period does not start to run until a plaintiff knew or reasonably should have known that she was discriminated against." *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1265-66 (11th Cir. 2000); *see also Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025 (11th Cir. 1994).[4] For instance, the Eleventh Circuit has held that the filing period in an ADEA case was equitably tolled until the plaintiff learned that he was replaced by a younger employee. *See e.g., Sturniolo*, 15 F.3d at 1026. Again, however, just as the use of grievance procedures does not affect the finality of a termination, it is well-established that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980); *Robbins &*

---

[4] To the extent Plaintiff was not aware of the 300 day filing period or the specific rights violated, this is not sufficient to invoke equitable tolling. *See McClinton v. Ala. By-Prods. Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984) ("Once an employee suspects that he may have been discriminated against on account of age and is also generally aware of his legal right to obtain redress for that wrong, he possesses sufficient knowledge to enable him to vindicate his rights, if he so desires.")

*Myers, Inc.*, 429 U.S. at 237-38 (holding that Title VII remedies are independent "from pre-existing remedies available to an employee."); *Stafford*, 688 F.2d at 1388.

Based on the foregoing, the Court finds that Plaintiff failed to file a timely charge of discrimination and that the untimeliness is not excused by equitable tolling. Accordingly, Plaintiff's claims for her alleged discriminatory termination and all preceding acts of discrimination are time-barred and not actionable. *See Morgan*, 536 U.S. at 109; *Ledbetter*, 127 S.Ct. at 2166; *Joe's Stone Crabs, Inc.*, 296 F.3d at 1271.

## *Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED**:

1) Defendant's Motion for Summary Judgment (Dkt. 28) is **GRANTED**.

2) All pending motions, if any, are **DENIED AS MOOT**.

3) The Clerk is directed to enter judgment in favor of Defendant and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida this 14th day of August, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Plaintiff
Counsel of Record