**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**GENNIE C. BAGLEY,**

    **Plaintiff,**

**v.**                                         **CASE NO. 8:07-CV-0218-T-27EAJ**

**CITY OF TAMPA, FLORIDA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Leave to Appeal In Forma Pauperis** (Dkt. 65). On February 2, 2007, Plaintiff filed a Complaint alleging various violations of law in connection with her former employment by Defendant (Dkt. 1). On September 19, 2007, the court entered an Order dismissing Plaintiff's complaint for failure to comply with Rule 10, Fed. R. Civ. P., but allowed plaintiff an opportunity to amend her complaint. On October 19, 2007, Plaintiff filed an Amended Complaint in which she stated claims for racial discrimination, sex discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Dkt. 27). On August 15, 2008, the court entered an Order finding Plaintiff's claims were time-barred and granted summary judgment in favor of Defendant (Dkt. 53). On September 10, 2008, Plaintiff filed a Notice of Appeal of the court's summary judgment ruling (Dkt. 61). On September 25, 2008, Plaintiff filed the instant motion along with a supporting Affidavit (Dkt. 66) and on September 29, 2008, Plaintiff filed a Supplement (Dkt. 67) to the instant motion.

Under Fed. R. App. P. 24(a)(1), a party to a district court action who seeks to appeal in forma pauperis must file a motion and an affidavit in the district court that details the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the legal issues

on appeal.[1]  If a party fails to state the legal issues to be raised on appeal, permission to appeal <u>in forma pauperis</u> should be denied.  <u>See</u> e.g. <u>Falu v. Potter</u>, No. 08-0059-WS-C, 2008 WL 2949549, at *2-3 (S.D. Ala. July 30, 2008); <u>Ruther v. Kochaniec</u>, No. 6:04-CV-1366-ORL-19-JGG, 2005 WL 1226975, at *4 (M.D. Fla. May 3, 2005).

Good faith is also a necessary requirement to appeal <u>in forma pauperis</u>.  28 U.S.C. § 1915(a)(3) (1996).  Good faith is demonstrated where an appeal "seeks appellate review of any issue not frivolous."  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  Whether an issue is frivolous turns on the existence of "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded."  <u>Sun v. Forrester</u>, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (citations omitted).  Where a trial court certifies in writing that an appeal is not taken in good faith, the appeal may not be taken <u>in forma pauperis</u>.  28 U.S.C. § 1915(a)(3) (1996); <u>see</u> e.g. <u>Slater v. United States Dep't of Veteran Affairs</u>, No. 6:08-CV-160-ORL-22GKJ, 2008 WL 2117152, at *3 (M.D. Fla. May 19, 2008).

The court awarded Defendant summary judgment after finding Plaintiff's claim was time-barred and that Plaintiff was not entitled to equitable tolling of the limitations period (Dkt. 53 at 4-6).  The court recognized that Plaintiff had 300 days from the date she was terminated to file a complaint with the Equal Employment Opportunity Commission but had failed to do so. (Dkt. 53 at 3-4).  <u>See</u> 42 U.S.C. § 2000e-5(e)(1) (1991).  On appeal, Plaintiff does not assert that her complaint was filed within 300 days of receiving her notice of termination.  Rather, Plaintiff's appeal rests on her contention that the period should have been tolled because she was "misled"

---

[1] A party permitted to proceed <u>in forma pauperis</u> in the district court action, however, may proceed on appeal <u>in forma pauperis</u> without further authorization. Fed. R. App. P. 24(a)(3).

(Dkt. 61 at 6-7, 11) and did not become aware of her federal claims until she received a "Latter Order" (Dkt. 61 at 5, Dkt. 65 at 3, Dkt. 67 at 8).

Specifically, Plaintiff suggests that the limitations period did not begin to run until July 13, 2005, when she received an allegedly misleading letter from the Florida Commission on Human Relations regarding a phone conversation that took place the same day (Dkt. 67 at 5, Ex. "333"). The court, however, found that Plaintiff received notice of her termination on July 9, 2004 (Dkt. 53 at 4), and Plaintiff has asserted no facts even remotely suggesting the court erred in this determination. Thus, it is immaterial whether Plaintiff was misled by the July 13, 2005 letter because 300 days had passed well before she received it. Plaintiff's argument that the limitations period should have been tolled after it had already expired lacks any basis in fact or law and is utterly without merit.

Plaintiff also argues that the limitations period should have been tolled because she did not become aware of her federal claims until she received a "Latter Order" (Dkt. 65 at 3, 5, Dkt. 67 at 8). The court assumes that Plaintiff refers to a "Recommended Order" issued by a State of Florida administrative law judge on August 15, 2006 (Dkt. 38 Ex. 2 at 5-16).[2] Ignorance of legal rights or failure to seek legal advice does not toll the statute of limitations. See Kazanzas v. Walt Disney World Co., 704 F.2d 1527, 1530 (11th Cir. 1983). Moreover, given that the "Recommended Order" was issued in response to a complaint Plaintiff filed with the Florida Commission on Human Relations on July 26, 2005 alleging that she was terminated from employment based on her race (Id.

---

[2] Plaintiff states that she "received a Latter Order as shown in plaintiff['s] December 04-2007 motion" (Dkt. 61 at 5, Dkt. 65 at 3, Dkt. 67 at 8). The "Recommended Order" (Dkt. 38 Ex. 2 at 5-16) is the only order the court can locate amongst Plaintiff's December 4, 2007 filings (Dkts. 38-41) that was issued prior to February 2, 2007, when she filed her complaint in this matter.

at 6), it is unreasonable to infer that Plaintiff did not become aware of her potential federal claims until more than a year after the complaint was filed.

Altogether, Plaintiff's arguments in support of equitable tolling are nothing short of frivolous. Thus, despite a lenient application of Rule 24(a)(1), Fed. R. App. P., the court is simply unable to identify a non-frivolous issue that might satisfy Rule 24(a)(1) or the good faith standard in 28 U.S.C. § 1915(a)(3). Because Plaintiff's motion to appeal in forma pauperis is not taken in good faith, it should be denied. See e.g. Slater v. United States Dep't of Veteran Affairs, 2008 WL 2117152, *3 (M.D. Fla. 2008).

As any appeal would be frivolous, it is unnecessary to determine whether Plaintiff meets the financial eligibility for such relief.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) the District Judge certify in writing, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff's appeal was not taken in good faith; and

(2) Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Dkt. 65) be **DENIED** and Plaintiff be directed to pay the applicable filing fee.

**Date: October 7, 2008**

ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge